The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611
Dear Senator Bradford:
This official Attorney General opinion is rendered in response to a question that you have presented regarding a sales and use tax that was passed in Jefferson County.
It is my understanding that in 1993, the voters of Jefferson County approved a county-wide sales and use tax, under the authority of A.C.A. §26-74-201 et seq. You indicate that subsequent to passage of this tax by the voters, the county quorum court passed an ordinance that changed the definition of the phrase "single transaction," as that phrase pertained to the collection of the above-referenced sales and use tax from utilities. Before the effective date of the ordinance, the quorum court repealed the ordinance because of conflicting and confusing dates, because the court had not received input from the municipalities that would be affected by it, and because of uncertainty regarding its economic impact. After the repeal of the ordinance, a coalition of local business leaders then requested that the quorum court once again consider changing the definition of the phrase "single transaction." It is my understanding that the change in definition that was set forth in the ordinance that was repealed and that has been proposed would substantially affect the tax revenues that would be collectible by the county.[1]
In light of the above-described scenario, you have presented the following question:
 Does the quorum court have the authority to pass an ordinance that alters a sales and use tax, without the approval of the voters?
It is my opinion that the quorum court may not pass an ordinance that alters a sales and use tax, without following the formalities required by state law for the passage of a new tax, which would include the approval of the voters. Accordingly, it is my opinion that an ordinance changing the definition of the phrase "single transaction" in a way that would alter the sales and use tax from the form in which the tax was approved by the voters would be in violation of state law, unless it were passed following the state law requirements for the passage of a new tax, including approval of the voters.[2]
Sales and use taxes passed under the authority of A.C.A. § 26-74-201 etseq. must be approved by the voters. See A.C.A. § 26-74-207, -208, -209. (The other formalities that must be followed are also set forth in that subchapter.)
It is axiomatic that the voters approve proposed taxes under the state of the law as it exists at the time of the election in which the tax is presented to them. It is in this connection that the significance of the phrase "single transaction" becomes apparent. A.C.A. § 26-74-220 states in pertinent part:
26-74-220. Maximum tax limitation.
 (a) Any county general sales or use tax levied pursuant to this subchapter shall be levied and collected only on the first two thousand five hundred dollars ($2,500) of gross receipts, gross proceeds, or sales price from a single transaction, and vendors shall be responsible for collecting and remitting the tax only on the first two thousand five hundred dollars ($2,500) of gross receipts, gross proceeds, or sales price from a single transaction. Vendors collecting, reporting, and remitting the county sales or use taxes shall show county sales taxes as a separate entry on the tax report form filed with the director.
 (b)(1) The term "single transaction", as used in this section and §§ 26-75-207—26-75-212, shall be defined by ordinance of the county levying the tax.
A.C.A. § 26-74-220.
Under the above-quoted statute, the quorum court's definition of the phrase "single transaction" will substantially impact the amount of tax revenue that will be collectible from any given tax. For this reason, the Jefferson County Quorum Court's definition of "single transaction" that was in place at the time the sales and use tax under consideration herein was presented to the voters was a significant element of the tax that the voters approved, because it directly impacted the amounts of tax revenues that were collectible. This factor could well have influenced the voters' decision to approve the tax. The voters are presumed to have approved the tax with an understanding that the tax revenues would be collectible in accordance with that definition, and not in accordance with some other definition. Accordingly, if the definition of the phrase "single transaction" is later altered in such a way that the tax that was approved by the voters would be impacted in a manner other than as they had formerly understood, the practical effect is a circumvention of the will of the voters, which would constitute a violation of the statutory requirement of voter approval of the tax. The effect would be the enactment, by the quorum court, of a tax that had not been approved by the voters, as required by law.
I must therefore conclude that the quorum court does not have the authority to pass an ordinance altering the definition of the phrase "single transaction," if such alteration would have the effect of altering the sales and use tax that was approved by the voters.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] I have not been provided with a copy of the ordinance that changed the definition of the phrase "single transaction," or of any proposed ordinance that would do so. For this reason, I am uncertain as to the actual effect of the change in definition and am therefore unable to state conclusively, as a factual matter, that the change of definition to which you refer would have the effect of altering the sales and use tax in question. This opinion is structured upon the assumption that the change in definition would, in fact, alter the sales and use tax under consideration.
[2] It should be noted that Act 1176 of 1997, which is to go into effect on January 1, 1998, amends various statutory sections that deal with taxes, including A.C.A. § 26-74-220. The Act amends § 220(b)(1) to read as follows:
 The term "single transaction," as used in this section . . . shall be defined by ordinance of the county levying the tax. Every county ordinance adopted after January 1, 1998 which calls for an election to levy a local sales and use tax authorized by this subchapter or any other provision of the Arkansas Code shall contain a definition of the term "single transaction" which definition shall amend all other previous ordinances defining "single transaction". Effective January 1, 1998, the most recent definition of "single transaction" adopted prior to January 1, 1998 shall apply to and amend all previous local sales and use tax ordinances. It is the intent of this provision to require each or county which levies a local sales and use tax to adopt uniform definitions of the term "single transaction" for all taxes levied by the county. This provision is limited to ordinances levying local sales and use taxes collected by the Department of Finance and Administration.
Acts 1997, No. 1176, § 5.